FILED'10 FEB 19 12:23USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTOINE C. BUCHANAN,                                CV. 05-1172-PA

        Petitioner,

  v.                                                OPINION AND ORDER

JEAN HILL,

        Respondent.


C. RENEE MANES
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

JOHN KROGER
Attorney General
SUMMER R. GLEASON
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER

Panner, Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 2000 state court convictions, alleging he received ineffective assistance of counsel. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#4) is DENIED.

## **BACKGROUND**

On August 6, 1999, Petitioner was indicted for Rape in the First Degree (Count 1), Unlawful Sexual Penetration in the First Degree (Count 2), Coercion (Count 3), and two counts of Assault in the Fourth Degree (Counts 4 and 5), for acts occurring in Klamath Falls, Oregon, on May 29, 1999. (Respt.'s Ex. 102.) Petitioner was appointed counsel, but an attorney hired by his family represented Petitioner at trial. Petitioner did not testify and the defense rested without presenting evidence, arguing in closing that the State had not met its burden of proof. (Respt.'s Ex. 104, Trial Tr. at 238; at 263.) A unanimous jury convicted Petitioner on all counts. (*Id.* at 300-301.) Petitioner was sentenced to a total of 200 months imprisonment in a combination of consecutive, 100 month terms under Measure 11 on Counts 1 and 2, and concurrent terms of imprisonment on Counts 3-5.

At trial, it was undisputed that the victim delayed reporting the assault and rape for several days and, consequently, no bodily fluids, DNA, or other serological evidence could be obtained during

2 - OPINION AND ORDER

her exam at the hospital.    (#23, Response at 2; #32, Mem. at 2.)
However, at the time she reported the abuse and was examined, the
investigating officer took photographs of bruising on the victim's
jaw, arms, legs, thighs, and abdomen, and of bite marks on her
abdomen.    (Respt.'s Ex. 103, Trial Tr. at 74.)    Ten of the
photographs were admitted into evidence at trial.

The victim reported she knew her attacker, a black man,
introduced by a friend in August 1998 as "John Wayne."    (Respt.'s
Ex. 104, Trial Tr. at 195.)    She reported he was of medium build,
5 ft 7 inches, and 170-185 pounds.    (Respt.'s Ex. 103, Trial Tr. at
93.)    The victim was shown photo line-ups, consisting of six
photographs, three times.    The first line-up was to identify an
individual the victim described as being near-by but not
participating in the attack, and it did not include a photograph of
Petitioner.    (Respt.'s Ex. 103, Trial Tr. at 98-99.)    The victim
did not identify anyone in the line-up.    (*Id.* at 99, 110.)    The
second line-up was to identify the victim's assailant and included
a photograph of Petitioner and a photograph of John Wayne Gardner,
a six foot tall black man known to live in Klamath Falls.    (*Id.* at
87; 93; 113-116.)    Without hesitation, the victim identified
Petitioner as her assailant.    (*Id.* at 87.)    Several days later, the
victim was shown a third line-up, with better quality photographs,
"to assure a positive identification."    (*Id.* at 104.)    She again
promptly identified Petitioner as her assailant.    (*Id.*)    At trial,
the prosecution called John Wayne Gardner as a witness.    He

3 - OPINION AND ORDER

testified he was six feet tall, and that he had not met the victim prior to the trial. (Respt.'s Ex. 104, Trial Tr. at 181.)   The defense did not cross examine Mr. Gardner. (*Id.*)

In June 2001, the victim was booked into the county jail. (*Id.*, Trial Tr. at 184.)   At Petitioner's trial, the booking officer testified the victim was initially calm and cooperative, but became very upset when she noticed Petitioner in a processing cell five to seven feet away, and that she told the officer to get Petitioner away from her - that Petitioner had raped her. (*Id.*, Trial Tr. at 184-186.)   A male individual, housed in the same pod as Petitioner, testified Petitioner told him a week or two after the victim arrived at the jail, "that is that fat bitch that I fucked." (Respt.'s Ex. 103, Trial Tr. at 123-125.)   A female individual, housed in the same pod as the victim, testified Petitioner could be seen from their pod and that he would point and laugh at the victim and "would thrust his hips around and grab his crotch." (*Id.* at 139-140.)   The victim testified Petitioner pointed to her, laughed at her, and made gestures while she was in jail. (Respt.'s Ex. 104, Trial Tr. at 205-207.)   In closing argument, defense counsel questioned the credibility of the prosecution's witnesses, stressed the lack of forensic evidence, and argued the improbability of Petitioner being able to commit the assault as it was described, given the victim's significant weight. (*Id.* at 265-273.)

Petitioner directly appealed his conviction, but subsequently filed a motion to dismiss the appeal. (Respt.'s Ex. 107, 108.) The Oregon Court of Appeals granted Petitioner's motion. (Respt.'s Ex. 109.)

Petitioner filed a Petition for Post-Conviction Relief ("PCR"), alleging ineffective assistance of counsel, but the PCR trial court denied relief. (Respt.'s Exs. 122-123.) On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Buchanan v. Lampert*, 204 Or.App. 52, *rev. denied* 340 Or. 483 (2006). Petitioner filed a successive Petition for Post-Conviction Relief, but it was dismissed on the Respondent's Motion for Summary Judgment. (Respt.'s Exs. 130-133.) Petitioner appealed, but the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. (Respt.'s Ex. 135-140.)

In his habeas petition, Petitioner presents five grounds for relief. Petitioner acknowledges established federal law forecloses relief on Ground One, (#32, Mem. at 12), and argues only Ground Three in his memorandum. Respondent contends Ground Two, Four, and Five are defaulted and without merit, and that the state court adjudication of Ground Three is entitled to deference. (#37, Reply at 2.)

/ / /

/ / /

/ / /

5 - OPINION AND ORDER

## DISCUSSION

### I.   STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). In this case, it is the decision of the state PCR court.

/ / /

Petitioner contends the "[PCR] court's determination that [trial counsel] made either a tactical or strategic decision not to present the medical records is unreasonable in light of the facts presented, and is contrary to clearly established Supreme Court authority." (Petr.'s Mem. at 11.)  A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388.  An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

## II.  GROUNDS NOT ADVANCED IN MEMORANDUM

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  This Court has reviewed the record and finds Petitioner is not entitled to relief on Grounds One, Two, Four, and Five, which are not advanced in his memorandum.

For habeas relief to be granted under § 2254(d), Petitioner has the burden of showing that the state court adjudication of his claims was contrary to or an unreasonable application of established Supreme Court precedent. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2254(d). Petitioner acknowledges established federal law forecloses relief on Ground One, and by not arguing Grounds for Relief Two, Four, and Five in his memorandum Petitioner fails to meet the burden of proof for habeas relief on these claims. Accordingly, relief on Grounds One, Two, Four, and Five must be denied.

**III. GROUND THREE**

Petitioner argues he was denied the effective assistance of trial counsel when counsel failed to present teeth/bite evidence, (#32, Mem. at 6), and asks this Court to consider Exhibit One, "exculpatory evidence that was created by Respondent and her agents but that was never previously provided to [Petitioner] or the [PCR] court." (#40, Response to Reply, at 1.) Respondent argues Exhibit One, consisting of Petitioner's medical records from the Oregon Department of Corrections ("ODC"), should not be admitted because the evidence does not meet the standards for new evidence to be considered in federal habeas proceedings. (#37, Reply at 2-4.) The Court agrees.

/ / /

Exhibit One:

To be admissible in a federal habeas proceeding, evidence not presented in the state court adjudication of a claim must related to:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.), *cert denied* 546 U.S. 944 (2005). The evidence in Exhibit One does not meet these standards.

The factual predicate established in Exhibit One is that Petitioner previously fractured his jaw, that he suffered from significant malocclusion (teeth and jaw out of alignment), and that he was placed on a soft diet by ODC. (Exhibit One at 1-3.) The factual predicate is not one that Petitioner could not have previously discovered. In fact, Petitioner presented the PCR court with treatment records from 1998 and 1999, documenting his jaw fracture and bite problems. (Respt.'s Exs. 111; 114.) To the extent the ODC records establish the problems persisted and existed at the time of the attack for which he was convicted, Petitioner could have obtained his ODC medical records for the PCR proceeding with a minimum of effort. He presents no evidence he attempted to

obtain the records or that he was prevented from doing so, but he argues it was the Respondent's burden to produce them in the PCR proceeding.

The burden of proof in Oregon PCR proceedings rests with the petitioner, *see* Or. Rev. Stat. §138.620(2), and under 28 U.S.C. § 2254(e)(2), a petitioner is expected to have undertaken a "diligent search for evidence" when presenting claims in state court. *Williams*, 529 U.S. at 435. There is no evidence Petitioner undertook a diligent search for his ODC records. Nor is there evidence suggesting Respondent concealed the records or that Petitioner could not have known of their existence, as was the case for the evidence at issue in *Williams*, 529 U.S. 420, and the evidence at issue in *Thomas v. Goldsmith*, 979 F.2d 746 (9th Cir. 1992), which Petitioner cites in arguing Respondent had an obligation to disclose the records. The Court finds Petitioner's argument without merit given the nature and content of the records, Petitioner's burden of proof in the PCR proceedings, and the expectation in federal habeas proceedings that a Petitioner make a diligent search for evidence in presenting federal claims in state court.

In any event, the Court finds the ODC records do not constitute clear and convincing evidence that, but for trial counsel's failure to present evidence of Petitioner's jaw and teeth problems, no reasonable fact-finder would have found the applicant guilty of the underlying offense. While the ODC records are

10 - OPINION AND ORDER

evidence Petitioner had persisting jaw problems and malocclusion, and was ordered a soft diet, they do not establish that Petitioner could not have bitten the victim as she alleged. Moreover, the trial record clearly establishes that the victim twice, without hesitation identified Petitioner in photo line-ups; that she identified him at trial; that photographs of her injuries, including bite mark, were introduced into evidence; and that Petitioner's pod-mate testified to incriminating statements Petitioner made regarding the victim. Therefore, Exhibit One will not be considered in reviewing Ground Three.

<u>The Merits</u>:

The principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel. Under *Strickland*, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-92. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Id*. at 693. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The reasonableness of counsel's

11 - OPINION AND ORDER

conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Id*. at 690. A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Id*. at 697.

To prevail in the PCR proceedings, Petitioner had to show the PCR court that trial counsel's representation was deficient when he failed to present evidence of Petitioner's jaw and dental problems, and that there was a reasonable probability that, but for counsel's failure, the outcome of his trial would have been different. Upon review of the record, the Court concludes Petitioner failed to make the necessary showing, and it was neither contrary to, nor an unreasonable application of *Strickland* for the PCR court to deny relief.

Referring to the issue in Ground Three, the PCR court stated from the bench:

> The question of the teeth, we're not dealing here with a retrial of the case, so it's not a matter of what - what would have happened had this put - been put in. The question simply is whether trial counsel was inadequate in failing to - to follow through on what [Petitioner] may have told him. And it's very difficult for me to figure out what [Petitioner] had told him. [Counsel] says that he didn't do anything with the comparison of the teeth marks or bite marks because the bite mark was too old, and the photographs could not have been - could not make a comparison. Perhaps he should have talked to this investigator, but the investigator gave his reports to [previously appointed counsel], and the - the record is inadequate as to whether or not this got to - to [retained] counsel. But I think that much of this about the teeth and the bite marks is simply trying to retry the case under a different theory than [counsel] did.

(Respt.'s Ex. 121 at 25.)    The PCR court's Findings of Fact relevant to Ground Three specified:

    15.   Trial counsel's decision not to present expert
          evidence regarding petitioner's teeth was not
          ineffective assistance of counsel.

    16.   Trial counsel did not contact an expert to do a
          comparison on petitioner's bite and the one that
          the victim received because the photos were taken
          five days after the incident.  After researching
          the issue, there was not enough detail to do a
          valid comparison.

    17.   Trial counsel hired an investigator and did
          adequately investigate petitioner's case.

(Respt.'s Ex. 122 at 4-5.)  The state PCR court's factual findings are presumed to be correct absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).  Petitioner has not met this burden, and upon review of the record the Court concludes the record supports the PCR court's findings.

    In his PCR deposition Petitioner described his persistent jaw and bite problems, and suggested expert testimony would have established he could not have bitten the victim.  (Respt.'s Ex. 118 at 11-15.)  Petitioner also presented the PCR court with medical/dental records from 1998 and 1999 documenting a previously fractured jaw and malocclusion.  However, neither Petitioner's assertions regarding his bite problems, nor the medical/dental records established that an expert would have testified on Petitioner's behalf, that it would have been impossible for him to bite the victim, or that with knowledge of Petitioner's jaw/bite problems there was a reasonable probability the jury would not have

13 - OPINION AND ORDER

unanimously found him guilty. The testimony of the victim and other prosecution witnesses, against Petitioner, was strong.

The Court concludes Petitioner failed to show the PCR court that trial counsel's representation fell below objective standards of reasonableness or that there was a reasonable probability that, but for counsel's failure to present jaw/bite evidence, the outcome of the trial would have been different. Under *Strickland*, he was required to do so. It was, thus, neither contrary to, nor an unreasonable application of established federal law for the PCR court to deny relief. Accordingly, habeas relief is unwarranted.

### CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (#4) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of February, 2010.

Owen M. Panner
United States District Judge